KERNS, Appellee,

v.

KERNS, Appellant.

[Cite as *Kerns v. Kerns* (1993), 87 Ohio App.3d 698.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–18.

Decided May 13, 1993.

*Daulton, Maguire, Vivyan & Schneider* and *Stephen W. Daulton,* for appellee.

*Kerns & Kerns* and *Ralph A. Kerns,* for appellant.

---

TYACK, Judge.

On September 20, 1988, Sharon Lynn Kerns filed a divorce action against Phillip Edward Kerns. The complaint initiating the action listed the address of both parties as being 1605 Waterstone Court. The complaint stated that there was a child "issue of the marriage."

A special process server was appointed, who served the divorce complaint and associated documents on Mr. Kerns at the 1605 Waterstone Court address on September 22, 1988.

On October 25, 1988, a temporary orders hearing was conducted, at which time temporary custody of the "minor child of the parties" was granted to Ms. Kerns and reasonable visitation was granted to Mr. Kerns. Mr. Kerns was also ordered to pay child support. Counsel appeared on behalf of both parties.

On December 8, 1988, Ms. Kerns filed a motion seeking a finding of contempt against Mr. Kerns on a theory that he had not paid the child support ordered. Service of process was obtained at ANR Freight in Troy, Michigan via certified mail. On the date set for hearing of the contempt motion, an attorney entered a formal appearance on behalf of Mr. Kerns and, soon thereafter, the attorney filed an answer and counterclaim. The answer admitted that a minor child had been born as issue of the marriage. The counterclaim alleged that the child was *not* born as issue of the marriage. The counterclaim did not include a formal claim to determine parentage, but asked that the trial court make a determination that the child was "not issue of the marital parties" as a part of the divorce proceedings.

At about the same time, an order for income withholding of the child support was served upon Mr. Kerns by ordinary mail at 1750 Southfield Road in Lincoln Park, Michigan.

On May 15, 1989, a computer generated notices of a date for a contested trial of the divorce action. One notice was mailed to the attorney of record for Mr. Kerns and one notice was forwarded to Mr. Kerns's former address of 1605 Waterstone. The latter notice was returned three days later marked "Return to Sender—Moved Left No Address."

Four weeks after the notices were mailed, the attorney for Mr. Kerns filed a motion for leave to withdraw as counsel. Leave was granted on June 12, 1989, which was eight days before the scheduled trial date.

New counsel for Mr. Kerns entered an appearance and the trial date was continued, but the entry granting the continuance did not include a new trial date. The new counsel also filed a document entitled "Action for the Determination of Parentage," which alleged that Mr. Kerns was incapable of fathering children as a result of a medical procedure and that Ms. Kerns had been artificially inseminated without his consent. The document further alleged that the child born during the marriage had been born as a result of the artificial insemination. No leave of court was ever obtained for the filing of this document, which was filed under the divorce case number. Service was attempted by certified mail on Ms. Kerns, but the mail was returned.

The file reflects no further action until approximately six months later, when computer-generated notices of a new trial date were sent. The notices were mailed to counsel for Ms. Kerns, Ms. Kerns and Mr. Kerns. The notices to Mr.

and Ms. Kerns were returned less than two weeks after they were mailed. The file does not reflect notice being sent to the attorney who then represented Mr. Kerns.

On January 8, 1990, the trial court signed a judgment entry-decree of divorce. The first paragraph reads:

"This cause came on to be heard on the 8th day of January, 1990 on the complaint, and the evidence; the Defendant was served with a summons and a copy of the complaint and accompanying affidavits, Defendant filed an answer and counter-claim, serving same on Plaintiff. Plaintiff and Defendant were notified of the date, place and time of the final hearing. Plaintiff appeared with Counsel and gave testimony. The Defendant failed to appear, and by reason thereof Defendant's answer and counter-claim were dismissed."

The record does not demonstrate that Mr. Kerns in fact had notice of the trial date.

On February 7, the second attorney for Mr. Kerns also moved to withdraw as counsel and was permitted to do so.

The next action taken was the filing of a motion for contempt against Mr. Kerns, again on a theory that he was in arrears as to his child support payments. This motion was filed on September 24, 1990.

On December 3, 1990, a third attorney appeared on behalf of Mr. Kerns and filed a motion for continuance of the contempt hearing "for the following reason(s):

"Afford defendant opportunity to file a Rule 60B motion vacating the Judgment Entry—Decree of Divorce in the above captioned case, filed January 8, 1990."

This third attorney also withdrew as counsel on February 28, 1991. No Civ.R. 60(B) motion had been filed as of that date.

More attempts to collect child support were made, with no apparent success.

On August 12, 1991, a motion to vacate the judgment entry-decree of divorce was filed on behalf of Mr. Kerns by a fourth attorney. Appended to the motion was an affidavit signed by the attorney who had represented Mr. Kerns at the time of the judgment entry indicating that she had had no notice of the final divorce hearing date and hence had never notified Mr. Kerns. Also appended was an affidavit of Mr. Kerns in which he stated that he had first learned of the date of the hearing after it had passed. He also claimed that he had lacked the funds to obtain legal representation "until recently."

On December 31, 1991, this fourth attorney also was permitted to withdraw as counsel. On January 9, 1992, the trial court dismissed the motion to vacate the judgment entry-decree of divorce.

On February 10, 1992, a fifth attorney filed two motions on Mr. Kerns's behalf. Appended was another affidavit by Mr. Kerns in which he indicated that he had been out of town on January 9 and that he now had enough money to litigate the motion. Mr. Kerns did not attempt to justify otherwise his failure to litigate the motion to vacate the judgment entry. The motion filed sought in the alternative to set aside the dismissal of the earlier motion to vacate the judgment entry or to pursue a new motion to vacate.

On March 20, 1992, the fifth attorney sought leave of court to withdraw as counsel and was permitted to withdraw. Twenty days later, the same attorney entered his appearance as counsel once again. By October 1992, counsel amended the motion to vacate and filed other motions in an attempt to reduce or modify Mr. Kerns's child support obligation.

The trial court overruled the motion to vacate the judgment entry-decree of divorce on December 10, 1992. Mr. Kerns did not request findings of fact and conclusions of law, so the trial court's entry simply read:

"This matter is before the Court upon defendant's motion for relief from judgment.

"The Court, being fully advised in the premises, finds such motion not to be well taken and hereby overrules the same."

Mr. Kerns has now pursued a direct appeal, assigning two errors for our consideration:

"I. The trial court erred by failing to grant appellant's motion for relief from judgment.

"II. Res judicata does not act as a bar to appellant's motion for relief from judgment."

█ This case presents a difficult problem for our resolution. The trial court should not have granted a divorce without notifying Mr. Kerns or his counsel of the date set for trial. Counsel for Mr. Kerns should not have failed to ascertain a new trial date when counsel continued the previous trial. Counsel compounded the problem by withdrawing, apparently without having noticed that the case had already been concluded. Counsel for Ms. Kerns, as an officer of the court, had an obligation to investigate why opposing counsel had not appeared for trial and had an obligation not to present to the trial court a judgment entry-decree of divorce which indicated that Mr. Kerns had had notice of the trial date when the court file clearly indicated that he had not been provided appropriate notice.

█ On the other hand, Mr. Kerns had an obligation to bring the problem to the trial court's attention within a reasonable time. The record demonstrates

that he was aware of the judgment entry-decree of divorce less than a year after the decree was signed. Over eight months passed before he filed a motion which would allow the trial court to correct its error. He then failed to appear at the date assigned to litigate the motion for no good reason. This led to an additional set of filings which occurred over two years after the judgment entry-decree of divorce was journalized.

Motions for relief from judgment are governed by Civ.R. 60(B), which reads:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

Mr. Kerns did not file his motions for relief from judgment within "a reasonable time" as required by Civ.R. 60(B). Therefore, the trial court did not err in overruling the motions.

The first assignment of error is overruled.

As to the second assignment of error, the record does not reveal the trial court's precise reasoning in overruling the motions. The words of the judgment entry do not indicate that the trial court applied the doctrine of *res judicata* as the basis for its ruling. We, therefore, cannot find that the trial court erred in applying the doctrine. As a result, the second assignment of error is also overruled.

Both assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BRYANT, P.J., and CLOSE, J., concur.

PEGGY BRYANT, Presiding Judge, concurring.

I concur in the judgment of the majority opinion on the basis that, even if Civ.R. 60(B)(5) provides an avenue of relief for defendant, thus releasing him from the requirement under Civ.R. 60(B)(1) through (3) that motions thereunder be filed within a year, defendant nonetheless has failed to file his motion under Civ.R. 60(B)(5) within a reasonable time, given the date defendant acquired knowledge of the judgment entry-decree of divorce.